RIESSNER *et al. v.* COHN *et al.*

(*Supreme Court, Special Term, New York County.* May 31, 1888.)

INJUNCTION—TO RESTRAIN PAYMENT UNDER FRAUDULENT JUDGMENT—WHEN GRANTED.
   Where the assignee for the benefit of creditors refuses, on the request of a general creditor, to bring an action to set aside a judgment fraudulently confessed by the debtor, the creditor, having brought suit for such purpose, may have an injunction *pendente lite* against the payment of the proceeds of an execution to the judgment creditor; such an action being in aid of the assignment, and to protect the trust fund.

At chambers.   On motion for an injunction *pendente lite.*

Motion for an injunction *pendente lite.*   C. Riessner & Co., a domestic corporation, brought this action in its own behalf, and in behalf of other creditors, etc., against Amelia Fles, Charles L. Cohn, her assignee for benefit of creditors, three judgment creditors of the assignor, and the sheriff, alleging the judgments of the defendants to have been obtained on confession simultaneously with the assignment; that the amount of such judgments exceeded one-third the assets of the assigned estate, and were in violation of Laws 1887, c. 503, prohibiting preferences in assignments exceeding one-third the assets of the estate; that the assignee had refused to bring an action to set aside such judgments upon the request of the plaintiff, a creditor of the assignor; and praying that the judgments be set aside, and the proceeds declared to be a part of the assigned estate, distributable thereunder, and that the defendant sheriff be enjoined from paying the proceeds to the judgment creditors. Plaintiff moved for an injunction, in accordance with the prayer of the complaint.

*Masten & Nichols,* for plaintiff and the motion.   *H. M. Goldfogle,* for the defendants, judgment creditors, opposed.

LAWRENCE, J.   If this is to be regarded as an action in the nature of a creditors' bill, as the plaintiffs have no judgment, the motion for an injunction should be denied.   *Southard v. Benner,* 72 N. Y. 426, 427.   It is claimed, however, that the action is to be regarded as one brought by a beneficiary under a trust, to protect the trust fund, and prevent its illegal disposition, pending an inquiry into the rights of the various parties to share in such fund.   The plaintiffs cite the remarks of DANFORTH, J., in the case of *Crouse v. Frothingham,* 97 N. Y. 113, in support of their position that they can maintain this action.   In speaking of the duties of an assignee, the learned judge says: "If such an assignee refuses, in a proper case, to proceed, and get in the assigned property, the creditors collectively, or one in behalf of all, who may come in and join, may compel the execution of the trust in equity. * * * No doubt, the creditors might also sue if the assignee improperly refused to do so."   In that case, the plaintiffs were, however, judgment creditors, and the precise point made in this case did not, therefore, arise. The same may be said of *Richardson v. Thurber,* 104 N. Y. 606, 11 N. E. Rep. 133; that action being brought by a judgment creditor to have the assignment declared void.   The plaintiffs also rely upon the case of *Preston v. Spaulding,* 120 Ill. 231, 10 N. E. Rep. 903, where the court permitted a creditor at large to intervene by suit for the protection and preservation of the fund; the assignee having neglected to take proper proceedings for that purpose.   *Preston v. Spaulding* was a very well considered case, and the reasoning of the court commends itself to my mind.   The right of a beneficiary under a trust, where the trustee refuses to protect his interests, to proceed by action in his own name, has been established in a variety of cases other than those relating to assignments.   *Weetjen v. Vibbard,* 5 Hun, 265, and cases cited at page 267, by DANIELS, J.; *Railroad Co. v. Nolan,* 48 N. Y. 513.   It is distinctly averred in this case that the assignee has refused, after demand,

to bring actions to set aside the judgment alleged to have been confessed in violation of the statute of 1887, and this allegation is not denied. The act of 1887, c. 503, has not yet been the subject, so far as the Reports disclose, of thorough judicial examination and decision. As it is a remedial statute, it should be liberally construed. See *Richardson* v. *Thurber*, 104 N. Y. 606, 11 N. E. Rep. 133, where the act of 1884, of which the act of 1887 is an amendment, was under consideration. Assuming, then, that a creditor at large can intervene for the protection of the trust fund, and regarding this not as a creditors' bill, but rather as an action in aid of the assignment, and for the protection of the trust fund, I think I ought, under a liberal application of the principle enunciated in the cases above cited, to continue the injunction until the cause can be tried. The order will be settled on notice.