docket, and that, when the constable has returned—that is, delivered the execution received by him, together with any moneys collected by him thereon —he has fulfilled his duty, and is not liable simply because he failed to make an indorsement upon the execution which the Code makes the duty of the justice to enter in his docket book. For these reasons the motion for a new trial on the minutes is denied, with costs.

---

SPELMAN *et al. v.* JAFFRAY *et al.*

(*Supreme Court, Special Term, New York County.* October, 1888.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—REFUSAL OF ASSIGNEE TO SUE.

On the refusal of the assignee for benefit of creditors to bring an action to set aside as fraudulent judgments confessed by the assignor immediately before making a general assignment, the general creditors may sue for that purpose.

On demurrer to complaint.

Action by Timothy M. Spelman and William C. Spelman against Josephine M. Soussman, Edward S. Jaffray, and others, judgment creditors of defendant Soussman, John Phillips, assignee for the benefit of said Soussman's creditors, and others, to set aside as fraudulent, and as creating preferences to an extent forbidden by the statute, certain judgments confessed by said Josephine M. Soussman to said John Phillips for the benefit of the assignor's creditors. Plaintiffs' claim arose out of a sale of goods to defendant Soussman. The complaint alleged that Josephine M. Soussman, on May 14, 1888, after the sale and delivery of said goods, executed and delivered to said John Phillips a general assignment of all her property for the benefit of her creditors; that the same was accepted by the assignee, and was admitted to record at 12:15 o'clock on the day of its execution; that on the said May 14th, before the execution of the assignment, Josephine M. Soussman, being then insolvent, confessed judgments in favor of Edward S. Jaffray and other creditors; that executions were immediately issued on these judgments, and levied on all of said Soussman's property; and that the sheriff immediately took possession of the property under said executions, and has advertised the same for sale; that the entire property of Josephine M. Soussman at the time of the confession of the said judgments and the making of the assignment was not worth three times the amount of said judgments, and that the judgments were confessed in contemplation of the assignment, and for the purpose of preferring the judgment creditors, in fraud of the said assignment, for more than one-third of the net assets of the said Soussman, and to prevent the said assets from going into the hands of the assignee, and being distributed pursuant to the statute in such case made and provided, and pursuant to the provisions of the said assignment, and are fraudulent and void as against the assignee; that before this action was commenced plaintiffs duly notified the assignee that the foregoing judgments, executions, and levies were fraudulent and void as against him as such assignee, and that plaintiffs were creditors of the assignor at the time of said assignment, and requested him to bring an action to set aside the same, which he refused. Plaintiffs prayed judgment that (1) the judgments, executions, and levies be set aside and vacated; (2) that the sheriff be directed to turn over and pay to the assignee the property levied upon by him under the said executions, and the proceeds thereof to be applied pursuant to the said assignment; (3) that pending this action all the defendants, except the assignee, their attorneys, etc., be restrained from disposing of or interfering with the property so levied upon as aforesaid, and the proceeds thereof. The judgment creditors demurred to this complaint on the ground that it did not state facts sufficient to constitute a cause of action. The case was argued before ANDREWS, J.

*Douglass & Minton,* for plaintiffs. *Blumenstiel & Hirsch,* for defendants.

No opinion. Demurrer overruled, and judgment ordered for plaintiffs.