SWEETSER *et al. v.* SMITH *et al.*

*(Supreme Court, Special Term, New York County.    January 14, 1889.)*

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—PREFERENCES—ACTION TO SET ASIDE.
    Insolvent debtors, on the day on which they executed a general assignment for benefit of creditors, confessed 16 judgments, on which executions were issued and levied, and also delivered three chattel mortgages on the assigned property. *Held,* that a creditor, as a *cestui que trust* under the assignment, upon the refusal of the assignee, may maintain an action to restrain the enforcement of the judgments and chattel mortgages, and to preserve the assigned property, on the ground that the judgments and mortgages were an attempt to prefer creditors.

2. SAME—RIGHT TO MAINTAIN.
    Persons who, having sold the insolvent firm goods, disaffirmed the contract, and brought replevin for their goods, are not entitled to maintain the action to set aside the judgments on the basis of an indebtedness for the goods, as claims for unliquidated damages or in tort are not payable by the assignee.

3. SAME—INJUNCTION—BOND.
    Code Civil Proc. § 613, which provides that no injunction shall be granted to stay proceedings on a money judgment unless the party applying therefor shall pay into court the full amount of the judgment, interest, and costs, or give an undertaking in lieu thereof, has no application to a case of this kind.

4. SAME—VENUE.
    As the complaint seeks relief in regard to real estate affected by the judgments, the action should be brought in the county in which it is situated, and the character of the action cannot be changed by stipulation or concession.

At chambers.    On motion to make injunction permanent.

Action by Sweetser, Pembrook & Co. against Adam B. Smith and others, to set aside sixteen judgments and three chattel mortgages, executed by Adam B. Smith and William C. Smith, as in fraud of an assignment for benefit of creditors executed by them on the same day. Seven of the judgments were confessed in favor of the bank, of which the assignee was cashier; and the president of the bank, who was the father of the assignee, was an indorser on several of the notes representing the indebtedness. Executions were immediately issued on these judgments, and the property seized. The petition alleged that plaintiffs were creditors and beneficiaries in the trust created by the assignment; that the mortgages and judgments were executed and confessed by the insolvents as a part of the disposition of their property in view of the insolvency, and with the fraudulent design to prefer certain creditors; alleged a demand on the assignee, and a neglect and failure to institute suit, and prayed that the said mortgages and judgments be declared fraudulent, and that the property held by virtue of them be declared a part of the general assignment, and for an injunction restraining the enforcement of any rights thereunder.

*Jesse Stiles,* (*S. F. Kneeland,* of counsel,) for plaintiffs.    *Pond & Brackett,* for First National Bank and James H. Pardue.    *J. W. Lester,* for Sague & Richards.    *C. C. Lester,* for James M. Marvin.

PATTERSON, J.    It has been held in this district, in several special term cases (*Riessner v. Cohn,* 1 N. Y. Supp. 161, May, 1888; *Bank v. Clark,* Id. 207; and *Spellman v. Soussman, post,* 6 N. Y. Supp.) that voluntary conveyances, made contemporaneously with the making of a general assignment, are to be regarded as part of the assignment; and if the preferences thus given are void in whole or in part, the assignee may maintain an action to prevent the enforcement of such conveyances or liens, and, if he neglects to do so, a creditor, as a *cestui que trust* under the assignment, may bring suit to preserve the property in aid of the assignment. This action is brought on the theory mentioned, and the allegations of the complaint are apt for the purpose. The confession of the seventeen judgments and the delivery of the three chattel

---

[1] Not reported.

mortgages were all done on the morning of the day of the assignment, and on the facts proven may well be regarded as forming part of one transaction with the execution of that assignment. The assignee has substantially refused to bring the suit. The demand was made, and his procrastination upon the pretexts stated in his letter may well be considered an effort to postpone committing himself to any course of action until the day of sale under the levies should have passed. His position as cashier of the bank and as assignee cast upon him a decided duty, and called for a prompt, immediate, and direct response to Mr. Stiles' demand. But for bringing this suit the very consequences sought to be averted would probably have taken place, and the plaintiffs' rights would have been lost. The serious question involved is as to the plaintiffs having a claim to be protected as *cestuis que trustent*. By proceeding with their replevin suit they disaffirmed the contracts of sale, and cannot claim to be creditors entitled to bring this action on the basis of that indebtedness. *Morris* v. *Rexford*, 18 N. Y. 552; *Kinney* v. *Kiernan*, 49 N. Y. 164; *Moller* v. *Tuska*, 87 N. Y. 166. A claim for unliquidated damages, or in tort, is not a debt to be paid by an assignee of an insolvent, (*Kellogg* v. *Schuyler*, 2 Denio, 73; *Crouch* v. *Gridley*, 6 Hill, 250; see, also, *In re Adams*, 15 Abb. N. C. 61;) and the deed here refers to the payment of debts and liabilities, meaning only such as are due and payable at the date of the instrument, or are expressly provided for therein. *Powers* v. *Benedict*, (88 N. Y. 610,) decides nothing to the contrary, and is not an authority for the broad proposition claimed by the plaintiffs. It merely holds that by bringing one replevin suit a party is not precluded from following property or its proceeds not taken on the process in the first suit into the hands of other persons, and that an action for damages or in trover will lie for the value of the untaken property. The reference made to proof of claim in that case as not affecting the right of the plaintiff to maintain that particular action must be understood as relating only to the terms of the national bankrupt act, which by an express provision (section 5067, Rev. St. U. S.) permits proof of claims for damages for conversion, etc. But there appears to be an indebtedness of the assignors to the plaintiffs here, named in the schedules to the assignment and specifically stated at the sum of $2,017; and its consideration is referred to as a particular kind of merchandise. I do not understand the *addendum* after the name Sweetser, Pembrook & Co., in the column of creditors, to apply to anything more than the $5,000 referred to in connection with the replevin suit; and hence this action may be maintained as to the indebtedness admitted in the schedule to be a contract debt. This is not a case in which the full security on staying a judgment pursuant to section 613,[1] Code Civil Proc. is required. That section does not apply to a case of this character. *Packer* v. *Nevin*, 67 N. Y. 550. The motion to continue the temporary injunction until final hearing is granted.

The motion for change of venue must also be granted. The judgments affect real estate in Saratoga county, and the action is local. It is too late now for the plaintiffs to reform their action, and change its character, even if they could do so. They must do what would be required of the assignee, viz., seek full and not partial protection for the assigned estate, and it is doubtful if they can be permitted now to abandon any part of the necessary relief. At all events the character of the action cannot be changed by a disclaimer or stipulation or concession of one side only so as to make it triable in any other county than that in which the real estate is situated. *Acker* v. *Leland*, 96 N. Y. 383; *Wyatt* v. *Brooks*, 42 Hun, 502.

[1] Sec. 613. An injunction order shall not be granted to stay proceedings upon a judgment for a sum of money, unless the party applying therefor shall pay into court the full amount of the judgment, including interest and costs, or give an undertaking in lieu thereof, and also give an undertaking to pay the party enjoined all damages and costs which may be awarded him.