HENRY ABEGG and Others, Appellants, v. JOHN W. BISHOP and Others, Respondents.

*Fraudulent conveyances — transfers in contemplation of a general assignment — fraudulent intent on the part of the assignor alone is sufficient — when the intent of the assignee is material — a series of acts, one of which is fraudulent — 2 R. S., m. p. 137, secs. 1, 5.*

On the 11th day of January, 1890, a firm, known as Bishop & Crawford, made an assignment for the benefit of their creditors to Henry Grasse, having theretofore, and on the 10th of January, 1890, transferred to one Tilge accounts which exceeded in value one-third of the estate assigned. An action was thereupon brought by Henry Abegg and others, as judgment-creditors, to set aside the assignment and transfer as creating a fraudulent preference, upon the trial of which the court refused to find that the transfer was made by Crawford & Bishop in contemplation and as a part of the general assignment.

Upon an appeal the General Term considered that this refusal might have been based upon the assumption that if Tilge knew nothing of the contemplated assignment, it was immaterial whether Crawford & Bishop intended to make an assignment when they transferred the accounts.

*Held,* that this view was erroneous, and the refusal necessitated a new trial.

*Semble,* that, under the statute of frauds (2 R. S., m. p. 137, § 1), relative to fraudulent conveyances or assignments, knowledge by the assignee that the assignment was intended by the assignor to defraud creditors was not necessary to make the transfer fraudulent, it being sufficient that the assignor had such an intent.

*Semble,* that it was only in the case of a *bona fide* purchaser for value that his intent became important, and this because of the language of section 5 of the statute.

That where a series of acts is done tending to a common end, and a fraudulent purpose is connected with any one of them, all the acts and the entire transaction is thereby invalidated.

Appeal by the plaintiffs, Henry Abegg, Henry H. Daeniker and Adolph Rusch, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 15th day of February, 1892, sustaining a certain transfer and assignment and dismissing the complaint, with costs, after a trial by the court at the New York Special Term.

*Emanuel Blumenstiel,* for the appellants.

*J. A. Welsh,* for the respondent Tilge.

*Maurice Rapp,* for the respondent Grasse.

Van Brunt, P. J. :

This action was brought to set aside a general assignment made by the defendants Bishop & Crawford to the defendant Grasse, and also a transfer of outstanding accounts executed and delivered by the defendants Bishop & Crawford to the defendants Tilge.

It was claimed that the general assignment and the transfer of accounts were executed contemporaneously, and as part and parcel of the same transaction, and with intent to violate chapter 503 of the Laws of 1887 forbidding preferences except to the extent of one-third of the actual assets of a debtor, and that, therefore, the assignment, as well as the transfer, is tainted with fraud and must fall.

It appears from the evidence that the transfer of accounts was executed and delivered on the 10th of January, 1890, and that the assignment was not executed until the following day. But it further appears that the assignment had been determined upon on the day of the execution of the transfer. It is true that the learned court below refused to find that the transfer was made in contemplation of and as part and parcel of the making of the general assignment. But it is apparent that this refusal may have been based upon the assumption that, if the assignee of the accounts knew nothing about the contemplated assignment, it was entirely immaterial whether such assignment was contemplated or not by the assignors at the time of the making of the transfer of accounts.

I think this view of the law was entirely incorrect, as I shall attempt hereafter to show; although it seems to receive some countenance from what is said in the cases of *Berger* v. *Varrelmann* (127 N. Y., 281) and *Manning* v. *Beck* (129 id., 1), the decision in which latter case was to some extent founded upon what was supposed to have been decided in the first case cited.

It seems to me that it is too plain for argument that where a party resorts to trick and device to escape a statutory limitation, everything which is done or performed to carry out this design is fraudulent, and is voidable at the instance of a judgment-creditor. Therefore, if a party, for the purpose of evading the restrictions of the statute above referred to, resorts to the device of a transfer of accounts, and then the making of a general assignment, thereby giving preferences to a greater extent than the statute would allow, intending and

endeavoring so to do, his intent in the performance of these various acts is a fraudulent one ; and a transfer to anybody, except for value, by a party with a fraudulent intent is void as against his creditors, and that too whether the transferee was cognizant of the fraudulent intent or not. If, in the cases cited, a contrary rule has been held, viz., that, in order to invalidate a transfer given merely as security, it is necessary not only to show that the transferrer had a fraudulent intent, but that the transferee was cognizant thereof, then no force seems to have been given to the statute of frauds as contained in the Revised Statutes (vol. 2, p. 137). Section 1 is as follows :

" Every conveyance or assignment, in writing or otherwise, of any estate or interest in lands, or any goods or things in action, or of any rents or profits issuing therefrom, and every charge upon lands, goods or things in action, or upon the rents or profits thereof, made with intent to hinder, delay or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts or demands, and every bond or other evidence of debt given, *suit commenced, decree or judgment* suffered with a like intent as against the person so hindered, delayed or defrauded, shall be void."

All that is necessary in order to make a transfer of property or the suffering of a decree or judgment void, is that it shall have been made or suffered with intent to hinder, delay or defraud creditors. Now, in case a party contemplating making an assignment for the purpose of evading the restrictions of the assignment law, knowingly makes transfers of his property as security to creditors in excess of that which is allowed by the assignment law, and thereby attempts to evade the provisions of the statute, such transfer is made with intent to hinder, delay and defraud his creditors ; and, therefore, under the express words of the statute, it is void whether the transferee has knowledge of such intent or not. The only saving clause specified in the statute is that contained in section 5 where it is provided that " the provisions of this chapter shall not be construed in any manner to affect or impair the title of a purchaser for a *valuable consideration*, unless it shall appear, that such purchaser had previous notice of the fraudulent intent of his immeditae grantor, or of the fraud rendering void the title of such grantor." Therefore, the question of the intent of the transferee is only of importance where he is a purchaser for value, and

then, even, he is not protected if he knew of the intent of the transferer. Therefore, the confession of a judgment, or the transfer of accounts for security, if made with intent to evade the statute, is necessarily void; and if a general assignment for the alleged benefit of creditors is also made as part and parcel of this scheme, that must also necessarily fall.

It is entirely erroneous to suppose that the case of *Berger* v. *Varrelmann* is an authority for the proposition, that an intent to evade the statute by the confession of a judgment and then making an assignment does not invalidate the assignment. In the opinion of the minority of the court that position is expressly held, and nothing to the contrary can be found in the prevailing opinion. It must be borne in mind, in considering the question involved in that case, that the action was not brought to set aside the assignment on the ground of fraud, but, on the contrary, was brought in aid of the assignment because of fraud on the assignment, such fraud consisting of the confession of a judgment to Varrelmann by which preferences were given beyond the amount allowed by law. In such an action, brought for the purpose of putting in the hands of an assignee funds which had been fraudulenty abstracted from the estate, it was clearly improper to give the relief of vacating the assignment as well as the judgment.

It is a familiar principle that where a series of acts are done, all tending to one end, and there is a fraudulent purpose connected with any one of them, such fraud permeates the whole transaction, and the fraudulent intent vitiates each and every of them.

Now, in the case at bar, if this transfer of accounts to Tilge was made in contemplation of the proposed assignment, and for the purpose of evading the limitations of the law, it is entirely immaterial whether Tilge & Co. were *bona fide* creditors and received the transfer in good faith or not. If their transferrers had a fraudulent intent it invalidated the transaction.

Without expressing any opinion upon what conclusions are to be drawn from the facts as they were developed upon the trial, it appears to me that the finding in regard to the relation of these transactions to each other was made by the learned judge below under a misappehension of the law. and that, therefore, there should be a new trial in order that this evidence should be weighed unfet-

tered by what it was supposed was decided in the cases in the Court of Appeals above cited.

The judgment should be reversed and a new trial ordered, with costs to the finally successful party to abide the final event.

LAWRENCE and O'BRIEN, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the finally successful party to abide the final event.