WILLIAM B. WRIGHT, JR., as Receiver of the Property of THEODORE H. MEYERS and GEORGE C. MEYERS, Respondent, v. WILLIAM F. LOUD, Appellant, Impleaded with THEODORE H. MEYERS and GEORGE C. MEYERS.

*Fraudulent conveyance — bill of sale by an insolvent firm of all its property made immediately after inducing a creditor to defer the entry of judgment — set aside as fraudulent as to creditors — a finding of fact incorporated into the conclusions of law.*

Proof that, upon the last day on which an insolvent firm could answer the complaint in an action brought against it by a creditor, one of the members of the firm called upon the creditor's attorney and requested him to defer entering judgment for a few days, which the attorney did in reliance on a promise of the firm to pay, or attempt to pay, the creditor's claim in the interval, and that, immediately after the interview, the firm executed a bill of sale of its entire property, inventoried at $11,000, to a person to whom it was not indebted in any amount, for the alleged purpose of enabling him to pay certain unliquidated claims which did not exceed the sum of $3,500, is sufficient, in an action brought by the receiver of the firm, appointed in proceedings supplementary to execution instituted by such first-named creditor, to warrant the court in finding that

the bill of sale was executed for the purpose of hindering, delaying and defraud-
ing creditors.

The fact that the court incorporates its finding that the bill of sale was executed
for the purpose of hindering, delaying and defrauding creditors, in its conclu-
sions of law, does not preclude the Appellate Division from giving to it the
effect of a finding of fact.

APPEAL by the defendant, William F. Loud, from a judgment of
the Supreme Court in favor of the plaintiff, entered in the office of
the clerk of the county of Erie on the 8th day of June, 1897, upon
the report of a referee.

The action was commenced on the 11th day of December, 1896,
to set aside a conveyance of personal property which was in writing
and bore date the 10th day of November, 1896, made by the
defendants Meyers to the defendant Loud, upon the ground that
said conveyance was void and was made with the intention on the part
of the defendants Meyers to hinder, delay and defraud their cred-
itors, and especially one Charles T. Wilson, and was received by
said defendant Loud with like intent.

On the 10th day of November, 1896, and for some time prior
thereto, the defendants Meyers were copartners engaged in the lum-
ber business in the city of Buffalo, N. Y. As such copartners they
became indebted to one Charles T. Wilson, for goods sold and deliv-
ered, in the sum of $238.16.

On the 21st day of October, 1896, an action was commenced in
the Supreme Court by said Wilson against the defendants Meyers
to recover such sum. At that time the defendants Meyers were
indebted to other persons in large amounts, and were insolvent. On
said 10th day of November, 1896, which was the last day to appear
and answer in the action brought by said Wilson, Theodore H.
Meyers, one of the copartners, called upon the attorney for Wilson
and requested him, said attorney, to defer entering judgment against
them, the defendants Meyers, for a few days, and promised to pay,
or attempt to pay, Wilson's said claim in the meantime. This the
attorney for Wilson assented to and did not enter judgment against
the defendants Meyers until the 17th day of November, 1896. On
that day judgment was entered for the sum of $258.86, damages
and costs. Execution was immediately issued thereon and was
returned wholly unsatisfied, the defendants Meyers having no prop-

erty out of which said execution could be made, or any part thereof. No part of said judgment has been paid except the sum of $50, which was duly credited upon said judgment.

Immediately after the return of the execution unsatisfied, proceedings supplementary to execution were instituted and such proceedings were had as resulted in the appointment of the plaintiff as receiver of the property of the defendants Meyers. The plaintiff duly qualified as receiver, entered upon the discharge of his duties and has ever since been acting as such receiver.

On the said 10th day of November, 1896, and immediately after leaving the office of Wilson's attorney, the defendants Meyers made and executed the bill of sale in question, which is in the words and figures following, to wit:

" Know all men by these presents, that we, Theodore H. Meyers and George C. Meyers, composing the firm of Theodore H. Meyers & Co. of Buffalo, N. Y., of the first part, for and in consideration of the sum of Four Thousand Dollars ($4,000.00), lawful money of the United States, to them in hand paid, at or before the ensealing and delivery of these presents, by William F. Loud of the city of Buffalo, N. Y., of the second part, the receipt whereof is hereby acknowledged, have bargained and sold, and by these presents do grant and convey unto the said party of the second part, his executors, administrators and assigns, 4 horses, 2 buggies, 2 cutters, 30 carts, 1 lumber wagon, all of the stock of lumber, lath, shingles and so forth, now contained in our yard, corner of Perry and Louisiana streets in the city of Buffalo, all office furniture at said yard, and all of the book accounts of the said firm of Theodore H. Meyers & Co., a list of which is hereto annexed, and 4 sets of single harness.

" This conveyance is made for the purpose and with the understanding that the said William F. Loud shall conduct and continue the lumber business as it has been carried on by us, sell the said stock and so forth, collect the said accounts, and from the proceeds thereof pay, first, all of the indebtedness of the firm of Theodore H. Meyers & Co. to H. M. Loud & Sons of Buffalo, N. Y.

" 2d. Pay all the indebtedness of the firm of Theodore H. Meyers & Co. to the Georgian Bay Lumber Co., and

" 3d. Pay all the indebtedness of Theodore H. Meyers & Co. to Charles H. Cutting.

" To have and to hold the same unto the said party of the second part, his executors, administrators and assigns forever. And we do covenant to and with the said party of the second part that we are the owners and have the right to sell and transfer the said property, and will defend the same against any persons whomsoever claiming the same.

" *In Witness Whereof* we have hereunto set our hands and seals the 10th day of November, in the year of our Lord, one thousand eight hundred and ninety-six.

" In the presence of " THEODORE H. MEYERS. [L. S.]
                      " GEORGE C. MEYERS. [L. S.] "

On the 11th day of November, 1896, the instrument above set forth was delivered to a Mr. Wilcox, who was the agent of and who assumed to represent the defendant William F. Loud, and said Wilcox, assuming to represent and act for said Loud, immediately took possession of the property in question, and caused the bill of sale to be filed in the clerk's office of Erie county on the morning of the 14th day of November, 1896. The inventory of the property which the defendants assumed to transfer by said bill of sale, and which was annexed to the same, amounted to the sum of about $11,000. There is evidence tending to show, however, that the actual value of the property transferred was much less.

At the time of such transfer the defendants Meyers were indebted to H. M. Loud & Sons Lumber Company in the sum of between $500 and $600. They were indebted to the Georgian Bay Lumber Company in about the sum of $2,500. They were also indebted to Charles H. Cutting in some amount. At the time of the transfer the defendants Meyers did not know, even approximately, the amount of their indebtedness to either of the parties above named and mentioned in said bill of sale. At the time of the trial they did not know the amount of such indebtedness. So far as the bill of Mr. Cutting was concerned, it was for legal services, the exact amount of which had never been ascertained, and at the time of the trial he, Mr. Cutting, could only state that the services which he rendered were worth, in his opinion, about the sum of $500.

The defendants Meyers upon the trial testified that they did not know whether said bill of Mr. Cutting was $500 or $2,000. There is no suggestion that Wilcox, the agent and representative of the

defendant Loud, knew anything about the amount of the indebtedness of the defendants Meyers to the Georgian Bay Lumber Company or to Mr. Cutting. The H. M. Loud & Sons Lumber Company is a corporation, of which the defendant William F. Loud, the transferee named in the bill of sale, was at the times in question a member, and was its cashier. The defendants Meyers were not indebted to him in any sum whatsoever, and the transfer to him was taken in his name through his agent Wilcox, without any knowledge on the part of Mr. Loud as to the details of the transaction, or that such transfer had been made, until possession was taken of the property.

*J. McC. Mitchell* and *John G. Milburn,* for the appellant.

*Albert C. Spann,* for the respondent.

MCLENNAN, J.:

The learned referee found as a fact that by the bill of sale in question the defendants Meyers as copartners assumed to transfer all their property to the defendant Loud; that the defendant Loud paid no consideration whatsoever for such transfer, and that the same was wholly without consideration; that the defendants Meyers at the time of such pretended transfer were not indebted to the defendant Loud in any sum whatsoever, either individually or as copartners.

The learned referee also found, which finding was classified as a conclusion of law, "That said pretended bill of sale was made, executed and delivered by said Theodore H. Meyers and George C. Meyers for the purpose of hindering, delaying and defrauding their creditors."

We think the evidence amply justified the findings of the referee, that the transfer in question was made by the defendants Meyers for the purpose of hindering, delaying and defrauding their creditors. By the instrument in question the defendants assumed to transfer their entire property, amounting, according to the inventory made by them at the time of such transfer, to more than $11,000, to the defendant Loud, to whom they were not indebted in any amount, for the sole purpose of enabling him to pay certain unliquidated demands of other creditors to whom they were indebted, which, according to the undisputed evidence, did not exceed the sum of $3,500, and without any express agreement on the part of the defend-

ant Loud that he would apply the proceeds of the property so transferred to him to the payment even of such indebtedness; and such transfer was made immediately after the defendant Theodore H. Meyers had a conversation with the attorney for Wilson, the natural effect of which was to induce said attorney to refrain from entering judgment for the amount of said Wilson's claim for a few days, relying upon the assurance, expressed or implied, that no change in the property of the defendants Meyers would take place in the meantime.

It is urged on the part of the appellant that there is no finding of fact by the referee that the instrument in question was executed with intent to hinder, delay and defraud creditors; that the conclusion of the referee, " that said pretended bill of sale was made, executed and delivered by said Theodore H. Meyers and George C. Meyers to said William F. Loud, for the purpose of hindering, delaying and defrauding their creditors, and is void, null, fraudulent and ineffectual as against the judgment of said Charles T. Wilson," cannot be given the effect of a finding of fact, but must be held to be a conclusion of law. This contention is not well founded.

In the case of *Berger* v. *Vurrelmann* (127 N. Y. 281) the court say : " It is well settled that, though a ' finding of fact ' be called a ' conclusion of law,' and improperly classified as such in the decision signed, * * * it will, for the purpose of upholding a judgment, be given the same effect as though embraced within and designated as one of the findings of fact." (*Adams* v. *Fitzpatrick*, 125 N. Y. 124; *Christopher St. R. Co.* v. *Twenty-third St. R. Co.*, 149 id. 51.)

Having reached the conclusion that the learned referee found in effect as a fact, although classified as a conclusion of law, that the transfer in question was made for the purpose of hindering, delaying and defrauding the creditors of the defendants Meyers, and that such finding of fact is fully sustained by the evidence, it is unnecessary to pass upon the other questions raised by the appellant upon this appeal.

It follows that the judgment entered upon the decision of the referee should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.