witnesses, and attending upon the grand jury, but that the whole subject of inquiry into the commission of crimes in his county is properly within the official duty with which he is charged; that, when he is advised that a criminal offense has been committed there, the duty to prosecute the offender is with him, and it is within his power to use such means as are legitimate and necessary for the purpose; and that for these reasons the district attorney may make even efforts to effect the arrest of the criminal in a foreign jurisdiction for the purposes of extradition, in order that he may be brought within the jurisdiction of the proper court of this state; and that the expenses incurred by the district attorney in the course of such efforts are a proper county charge.

For the foregoing considerations, the conclusion is inevitable that, in the absence of a statutory limitation, the right of the district attorney to an inspection and examination of all papers and documents in the custody or under the control of a city magistrate or of the clerk of a city magistrate's court is absolute, and that any such limitation claimed must be affirmatively established. In the Code of Criminal Procedure and the Penal Code are to be found certain statutory limitations concerning the inspection of a deposition of a witness examined on the taking of the information, or of a deposition taken on the examination of a defendant, including the statement made by a defendant, if any; but the district attorney and attorney general, as well as a judge of a court having jurisdiction of the offense, are especially excepted from such limitations. So, section 1552 of chapter 410 of the Laws of 1882, concerning police courts and justices and their powers, and section 7 of chapter 601 of the Laws of 1895, providing for certain records to be kept and empowering the board of city magistrates to make proper provision by rule in regard to the publicity to be given to any portion of such records, have no application to the question now under consideration. The district attorney did not apply for information to be published, but for information to guide him in the performance of his duties. There being no limitation upon the right of the district attorney to the inspection and examination demanded, the refusal of the city magistrate to comply with the demand was without warrant in law.

The relator, as district attorney, is entitled to the mandamus prayed for, and the writ should issue accordingly. Ordered accordingly.

---

(25 Misc. Rep. 338.)

GORMULLY & JEFFERY MFG. CO. v. CATHARINE.

(Supreme Court, Special Term, Kings County. November, 1898.)

1. REOPENING DEFAULT JUDGMENTS—ORDER—REVERSAL.
  Failure to comply with Laws 1882, c. 410, § 1367, as amended by Laws 1896, c. 748, or Greater New York Charter, § 1369, providing that an order vacating a judgment must recite the grounds therefor, warrants a reversal of the order.

2. SAME.
  An order assuming to vacate a default judgment, which omits to set the cause down for pleading, hearing, or trial, is invalid as depriving plaintiff of a trial on the merits.

B. CONDITIONAL SALES—RIGHTS OF SELLER.

     Under a conditional sale of a bicycle, where the title was to remain in the seller, though the bicycle was delivered to the buyer, the seller has a right of action to recover the value of the bicycle, on failure of the buyer to deliver it, on demand, after a breach of the promise to pay.

Appeal from municipal court of New York.

Action by the Gormully & Jeffery Manufacturing Company against George W. Catharine for the value of a bicycle delivered to defendant by plaintiff under an installment lease, defendant having failed to complete his payments or to deliver possession of the bicycle on plaintiff's demand. From an order vacating a judgment entered on defendant's failure to appear, plaintiff appeals. Reversed.

Henry L. Maxson, for appellant.

Thomas F. Smith, for respondent.

GARRETSON, J. This is an appeal by the plaintiff from an order dated July 29, 1898, made by Cornelius Ferguson, Esq., a justice of the municipal court of the city of New York, upon motion of the defendant, vacating a judgment of said court for the Second district of the borough of Brooklyn, entered on July 18, 1898, in favor of the plaintiff and against the defendant for the sum of $49.07 damages and costs, upon the default of the defendant to appear or plead. We might, with propriety, reverse the order appealed from solely for noncompliance with the statute, in that it does not recite and contain the grounds for vacating the judgment, and therefore fails to present any question for our consideration and review. Greater New York Charter, § 1369; Laws 1882, c. 410, § 1367, as amended by Laws 1896, c. 748. Besides, the order assumes to absolutely vacate the judgment, and omits to set the cause down for pleading, hearing, or trial, thus depriving the plaintiff, not only of the benefit of the judgment, but of a trial upon the merits, which is wholly unauthorized, and in violation of the plaintiff's rights. Id. Without, however, placing the disposition of the appeal wholly upon the grounds above stated, we are of the opinion that the order appealed from should be reversed upon the merits. Assuming that the judgments entered upon the defendant's defaults on May 19, 1898, and July 15, 1898, are founded upon the same written instrument, the plaintiff had the right to sue for rent due and for damages for the conversion of the bicycle. The defendant was liable upon his agreement to pay the rent, and, as the title to the property still remained in the plaintiff, he was liable for the value thereof as for its conversion, after noncompliance with the plaintiff's demand for its possession. It does not appear what the precise terms of the contract are, for the instrument is not part of the papers on this appeal, and could not be, as each judgment was entered upon proof of service of the summons and of a certified copy of the complaint; and we can only consider the allegations of the several complaints as disclosing the nature of the causes of action. But assuming, also, that the instrument was a conditional bill of sale, and that the title and ownership of the bicycle was to remain in the plaintiff, although delivered into the possession of the defendant, still the plaintiff had a right of action to recover the money agreed to be paid by the

defendant according to his contract, and another right of action to recover the property, or the value thereof, upon failure of the defendant to deliver the same after demand therefor. Brewer v. Ford, 54 Hun, 116, 7 N. Y. Supp. 244; Id., 59 Hun, 17, 12 N. Y. Supp. 619, affirmed 126 N. Y. 643, 27 N. E. 852; Cash-Register Co. v. Coleman, 85 Hun, 125, 32 N. Y. Supp. 593. In the case last above cited it was held that the recovery by the vendor of a judgment for the unpaid portion of the purchase price due on property sold by a conditional bill of sale, after the taking of the possession thereof by the vendee, does not affect the title of the vendor in the property as long as the judgment remains unsatisfied. The defendant's position at this time arises wholly from his indifference to the actions brought against him and his allowing the judgments therein to go against him by default. As to whether he should not be relieved of his defaults and be permitted to defend the actions upon the merits, and upon such terms as may be just, we are not called upon to say, and do not express any opinion. For the reasons above assigned the order appealed from should be reversed, with costs to the appellant.

Order reversed, with costs to appellant.