Supreme Court, Appellate Term, November, 1900.    [Vol. 32.

Proof, that the plaintiff had to pay more for the goods than the defendant had contracted to sell them for, does not establish any measure of damages.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Manhattan.

W. Klingenstein, for appellant.

M. Meyer, for respondent.

*Per Curiam.* This action was brought to recover damages for breach of contract in failure to deliver certain personal property.

There is no evidence of damage. The fact that the plaintiff's assignor was compelled to pay more for the goods than the defendant had contracted to sell them for does not establish the measure of damages.

The measure of damages was the difference between the contract price and the price of the goods in open market. The evidence does not show this price.

Judgment reversed and new trial ordered, with costs.

Present: TRUAX, P. J.; SCOTT and DUGRO, JJ.

Judgment reversed and new trial ordered, with costs.

---

SAMUEL WOLCHOCK, Appellant, *v.* GIOVANNI TOMBARELLI, Respondent.

(Supreme Court, Appellate Term, November, 1900.)

Municipal Court of the city of New York — Form of order opening default and setting aside judgment.

An order, vacating absolutely a judgment taken against the plaintiff by default and which does not set the case down for pleading, hearing or trial, is unauthorized in the Municipal Court of the city of New York.

APPEAL from an order of the Municipal Court of the city of New York, borough of Manhattan.

M. M. Greenstein, for appellant.

E. McKinley, for respondent.

*Per Curiam.* The order appealed from, which vacated and set aside a judgment against the plaintiff absolutely, omitted to set the case down for pleading, hearing or trial. Such an order is un-authorized in the Municipal Court. Gormully & Jeffery Mfg. Co. v. Catharine, 25 Misc. Rep. 338. The reason given by the justice for making the order, to-wit, that the defendant was not a resident of the county, is not sufficient. Worthington v. London, etc., Company, 164 N. Y. 81.

The order appealed from must be reversed, with ten dollars costs to appellant.

Present: TRUAX, P. J.; SCOTT and DUGRO, JJ.

Order reversed, with ten dollars costs to appellant.