PORT HURON MACHINERY Co., Limited, v. IVAN HURTO, Appellant.

Sales: RESERVATION OF TITLE: RECOVERY OF PRICE: TENDER. Recovery may be had for the purchase price of goods sold on a contract, containing no right of rescission, but reserving the title to the seller until the price is paid or satisfactorily secured, even though the order had been countermanded and the purchaser refused to accept and pay for the goods; and upon such refusal formal tender is not essential to recovery.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

THURSDAY, MARCH 14, 1912.

ACTION to recover the contract price of a machine

that the defendant agreed to purchase.   Judgment for the
plaintiff; the defendant appeals.—*Affirmed.*

*A. L. Steele,* for appellant.

*Dunshee & Haines,* for appellee.

Sherwin, J.—The parties hereto entered into a writ-
ten contract, of which the following is a copy:

Dated at Laurel, 3-25-1910. To the Port Huron Ma-
chinery Co., Ltd., Des Moines, Iowa: You may deliver
on board cars at Port Huron, Mich, on or about Palmer,
Ia., and ship for me in your care to Laurel, Ia., county
of Marshall, and state of Iowa, the following mentioned
goods: One 33x54 Port Huron secondhand separator,
complete price, $350.00. Title: The title to said goods
shall remain in the company until the purchase price is
paid or satisfactorily secured. Undersigned will receive
the machinery, pay the freight and charges, and pay the
company at Des Moines, Iowa, on or before the arrival
of said machinery, the sum of ———— dollars in the fol-
lowing manner, viz.: Cash on delivery, $————. Note
due Dec. 15th, 1910, $175.00. Note due Dec. 31st, 1910,
$175.00. Notes to bear interest at 7 percent from date
of delivery of the machinery until paid. Payable at ————.
Undersigned will furnish satisfactory security for the
prompt payment of the notes in the following manner:
Chattel mortgage on the above described machinery, and
also mortgage on the following property free from encum-
brance.

On the 27th day of March, 1910, the plaintiff duly
accepted this order and notified the defendant that the
machine could be shipped at any time it was convenient
for the defendant to receive it. On the 10th of May, 1910,
the defendant countermanded the order in writing, and
later the plaintiff shipped the separator to the defendant at
Laurel, Iowa, and tendered the same to him. He, how-
ever, refused to accept and refused to pay for the same, or

to execute his notes therefor as he had agreed. The appellant contends that, because the vendor retained both the title and possession, there was no completed sale; and hence there can be no recovery of the contract price. The authorities generally are not agreed on the question whether there can be a recovery of the contract price where the contract is not fully executed by the transfer of title; but it is the general holding that the mere retention of possession by the vendor is not material. There may be a little confusion in our own cases on the question whether the retention of title by the vendor necessarily remits him to an action for damages alone, because of language used in one or two opinions. But we think an examination of the cases will show that, where the issue was directly involved, we have never held that in such cases there can not be a recovery of the contract price; while, on the contrary, we have directly held that such recovery can be had, although neither title nor possession have passed to the vendee.

In *McAlister v. Safley,* 65 Iowa, 719, a written order for a granite monument was given to the plaintiff's assignors, Webster & Williams, by the defendant and accepted by said Webster & Williams. Before anything had been done by Webster & Williams toward completing the monument, or delivering it, the defendant notified them that she would not receive it, and requested them not to complete it. It was also shown that at the time the contract was entered into Webster & Williams were the owners of the monument and had it in their possession, and that it was wholly completed, except the cutting of the inscription that had been directed by the defendant. On the facts as above recited, this court said: "On this state of facts, we think there can be no question of defendant's liability for the contract price of the monument. It may be conceded that the contract was executory, and that the property in the monument did not vest in defendant upon the execution and delivery of the written agreement. But

neither of the parties reserved a right of rescission. De-
fendant's undertaking to pay the stipulated price was con-
tingent on the single condition that Webster & Williams
would cut the inscription on the monument, deliver it at
Traer, and set. it up at the grave of her husband. She
agreed absolutely that upon the happening of these condi-
tions she would pay the price agreed upon at the stipula-
ted time. There was no failure on their part to perform
their undertaking. She therefore had no grounds for re-
scinding the contract." The "law will not permit one
party to an agreement to terminate it at his pleasure, un-
less the right to do so is reserved in the contract itself."

In *Moline Scale Co. v. Beed,* 52 Iowa, 307, while the
facts there do not bring it on an exact parallel with this
case, it was said that the true rule in cases of executory
contracts is "that, where everything has been done by the
vendor which he is required by his contract to do, and the
manufactured property, in its completed condition. is ten-
dered to the purchaser, and he refuses to receive it, and
it is held by the vendor for the purchaser, the vendor
may recover the contract price." See, also, *McCormick
H. M. Co. v. Markert,* 107 Iowa, 340; *Redhead Bros. v.
Investment Co.,* 126 Iowa, 410.

In *White v. Solomon,* 164 Mass. 516 (42 N. E. 104,
30 L. R. A. 537), the court, through Judge Holmes, said:
"The main question is whether the judge who tried the
case ought to have ruled that the plaintiffs are not en-
titled to recover the price of the article in question, but
must offer evidence to the court upon the question of dam-
ages for the alleged breach of said contract. A majority
of the court is of the opinion that this ruling properly
was refused. We assume in favor of the defendant, but
without deciding, that the title of the manikin did not
pass by delivery at the express office, but that assumption
does not dispose of the case. In an ordinary contract of
sale, the payment and the transfer of the goods are to be

concurrent acts; and if the buyer refuses to accept the goods, even wrongfully, he can not be sued for the price, because the event on which he undertook to pay the price has not happened; and, although the fact that it has not happened is due to his wrong, still he has not promised to pay the price in the present situation, but must be sued for his breach of contract in preventing the event on which the price would be due from coming to pass. . . . But in the case at bar the buyer has said in terms that, although the title does not pass by the delivery to the express company, if it does not, delivery shall be the whole consideration for an immediate debt of the whole value of the manikin, and that the passing of the title shall come as a future advantage to him, when he has paid the whole." It was further said in the same case that it was not illegal for a man to contract for the whole value of a chattel before title passes, and that he may so bind himself, if he so desires. See, also, *Tufts v. Griffin*, 107 N. C. 47 (12 S. E. 68, 10 L. R. A. 526, 22 Am. St. Rep. 863).

In Mechem on Sales, section 549, it is said that the title condition in such a contract is for the benefit of the vendor, and may be waived. The time when the title passes is immaterial, where a binding contract to sell and purchase is made. Mechem on Sales, section 564; Benjamine on Sales.

We know of no valid reason why a buyer may not contract to do what this appellant did; that is, to execute his notes when the separator was delivered, and let the vendor retain the title until the price was paid, or satisfactory security given. The effect of such a contract is not materially different from giving back security after possession has passed to the vendor. We think there was a valid and sufficient tender. But, in any event, the defendant positively refused to receive the separator, and a

tender was therefore unnecessary. *McCormick H. M. Co. v. Markert, supra.*

It is also said that there was error in entering judgment, because the term of credit agreed upon had not expired when suit was brought. This point was not made below, and hence can not be urged here. It appears from the record, however, that the term of credit had expired when the judgment was entered, and the defendant is not prejudiced, because the term had not expired when the suit was brought. We are of the opinion that the judgment of the district court is right, and it is therefore *affirmed.*