EDWIN A. KIRCH ET AL., APPELLANTS, v. NELLIE LA TOURETTE, RESPONDENT.

Submitted December 6, 1917—Decided February 7, 1918.

In case of a conditional sale of goods where the price is payable by installments and the contract of sale provides that the title shall remain in the vendor until full payment shall be made, the vendor does not waive his title as against the vendee by an attachment of the goods for the purchase price.

On appeal from the Elizabeth District Court.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the appellants, *Charles M. Myers.*

For the respondent, *Martin B. Stutsman.*

The opinion of the court was delivered by

SWAYZE, J. This is an action of replevin to recover chattels sold by the plaintiffs to the defendant on contract of conditional sale, by which the vendee agreed that the price should be paid by installments and the title remain in the vendor until full payment was made. The vendee defaulted in her payments and the court held that the plaintiffs would be entitled to a return of the goods, but for the fact that the plaintiffs had attached the same goods for the unpaid balance of the purchase price. The attachment was quashed by consent upon the defendant proving that she was at the time a resident of

New Jersey, and the present action of replevin was brought. The District Court thought the case was governed by the rule in *Heller* v. *Elliott,* 44 *N. J. L.* 467; *affirmed,* 45 *Id.* 564. This was error. Heller *v.* Elliott was a case between the vendor and an innocent purchaser from the vendee. It resembled the class of cases provided for in section 23 of the Sale of Goods act. *Comp. Stat., p.* 4654.

The present case arises between vendor and vendee and is controlled by the rule of *Campbell Manufacturing Co.* v. *Rockaway Publishing Co.,* 56 *N. J. L.* 676. The cases are altogether different. In the latter class, to which the present belongs, the contract contemplates a double ownership similar to the double ownership of mortgagor and mortgagee—(1) the ownership of the vendee subject to the claim for unpaid purchase-money, and (2) the ownership of the vendor as security for the payment of the unpaid purchase-money. Any other theory would result in injustice—injustice to the vendee if at the time of default the amount unpaid was less than the actual present value of the goods, and injustice to the vendor if the amount unpaid was more than the actual present value. Justice can only be done by enforcing the contract as the parties made it, and allowing the vendor to recover the purchase price, and no more, and to retain his lien on the goods therefor, rendering any overplus to the vendee in case of a sale to enforce his lien. To enforce this lien, the vendor is entitled to the possession as the agreement in this case provides, and may secure that possession by an action of replevin. The case above cited is controlling in this state, but we think it well to add a reference to *Willis. Sales,* § 571, *note,* and section 579, where the learned author of the Sale of Goods act states the reasons in a way that leaves nothing to be desired.

The judgment is reversed, but without costs, and the record remitted to the District Court for a new trial.