TOM E. MURRAY, Appellant, v. O. B. McDONALD, Appellee.

**SALES: Conditional Sales—Non-waiver of Rights.** A vendor who sells
an article under the conditions (1) that the title shall not pass to
vendee until the purchase-money note is paid in full, and (2) that the
vendor may at any time repossess himself of the article and sell the
same and hold the vendee for a deficiency, does not, as to a purchaser
with notice of said conditional sale, waive or relinquish any right pos-
sessed by him under such conditional sale *by simply taking judgment
on the purchase-money note.*

Headnote 1: 20 C. J. p. 12; 35 Cyc. p. 696.

Headnote 1: 23 L. R. A. (N. S.) 144; L. R. A. 1916A, 925; 12 A. L. R.
516; 24 R. C. L. 482.

*Appeal from Woodbury District Court.*—ROBERT H. MUNGER,
Judge.

MARCH 15, 1927.

Action in replevin for a Hudson automobile, based on a
claim of ownership under a bill of sale to plaintiff from the de-
fendant's vendee, against whom the defendant, prior to the com-
mencement of this action, had recovered a judgment for the bal-
ance of the contract purchase price of said automobile, together
with certain storage charges thereon. Upon the conclusion of
the case, defendant's motion for a directed verdict was sustained,
and from the ruling the plaintiff appeals.—*Affirmed.*

*Hess, Crary & Crary* and *Tom E. Murray,* for appellant.

*Larson & Stewart,* for appellee.

DE GRAFF, J.—This is an action in replevin. The pleaded
and the record facts either admitted or not denied disclose
that, on May 19, 1924, the defendant, O. B. McDonald, sold a
certain Hudson automobile to F. J. Edgar, under a conditional
sale contract, at which time Edgar paid $50 in cash, and gave his
promissory note in the sum of $475 for the balance of the pur-
chase price. About December 10, 1924, the vendee Edgar re-

turned the car to the defendant, who stored the same in his garage until on or about August 22, 1925, when an action at law was commenced by the defendant against his vendee, Edgar, to recover judgment on said note, and also, as a second count, to recover storage charges and for services performed on said auto at the instance and request of Edgar, in the aggregate sum of $41.50. On October 20, 1925, the cause was tried, and judgment was entered against the vendee Edgar, as prayed in plaintiff's petition. On the same day, and after judgment had been entered, the vendee Edgar executed and delivered to the instant plaintiff, Tom E. Murray, a bill of sale for the car in question.

It is conceded by both parties that the plaintiff stands, so to speak, in the shoes of his vendor, Edgar, and that plaintiff's rights to the car rise no higher than the rights of his vendor, Edgar, for the reason that the plaintiff had both actual and constructive notice of the terms of the conditional sale contract involved in this case. The conditional sale contract provides, *inter alia*: 1. In the event that purchaser defaults on any of the payments, the full amount then remaining unpaid shall, at the election of the seller, become immediately due and payable. 2. Title of said property shall not pass to the purchaser until the said amount is fully paid in cash. 3. The purchaser shall give seller his promissory note of even date herewith, as evidence, but not payment, of the amount payable hereunder, said note to contain provision for attorney's fee and a waiver of all benefits of valuation, appraisement, and exemption laws. 4. The negotiation or discounting of said note or renewals or extensions thereof, or the instituting of suit or procuring of judgment thereon, shall not operate as payment, or in any manner release said purchaser from his obligations hereunder. 5. In the event of default of the purchaser in complying with the terms of the payments hereof, the seller may take immediate possession of said property, and may enter upon the premises where said property may be, and remove the same. 6. Seller shall have the right to sell said property at public or private sale. 7. Seller shall have the right to enforce any one or more remedies hereunder, either successively or concurrently, and such action shall not operate to estop or prevent the seller from pursuing any other remedy which he may have hereunder, and any repossession or retaking of the property or sale of the property pursuant to the terms hereof shall not

operate to release the purchaser until full payment has been made in cash. 8. Purchaser shall not transfer any interest in this contract or the property covered thereby without the written consent of the seller.

In brief, the contention of the plaintiff is that the acts of the defendant show an intention to repudiate the conditional sale contract and to treat the property as though title had passed to the buyer, and to consider the sale as absolute, thereby terminating the right to rely upon his security. The record does show that the defendant had possession of the car for eight months prior to the commencement of his action to recover the purchase price. The undisputed testimony is that the defendant gave to his vendee, Edgar, possession of the car when it was sold to him, and that Edgar returned the car to the defendant for storage, and that the car was retained by the defendant thereafter, and that the storage was not paid.

The title, under the terms of the conditional sale contract, did not pass to the purchaser, and the seller had the right, in case of default, to repossess the car and hold it at the expense and risk of the buyer. The vendor, under the sale contract, had the right to sell the car, applying the net proceeds of the sale upon the purchase price, the buyer to be liable for any deficiency.

The question presented in this case is one of novel impression in this court. The question is: Did the commencement of the action on the note by the defendant-vendor against his vendee, and the securing of a judgment, constitute an election of remedies, so as to estop him from holding the car as security and resale?

When two or more concurrent remedies exist, between which a party has the right to elect, and the remedies thus open to him are inconsistent, and the party actually brings an action, or by some other decisive act, with knowledge of the facts, indicates his choice between the inconsistent remedies, he is bound by his election. This is a well recognized rule. 20 Corpus Juris 17, Section 12 et seq.; Boysen v. Petersen, 203 Iowa ——, with cases cited; Steele Smith Groc. Co. v. Potthast, 109 Iowa 413. On the other hand, it is well settled law that the doctrine of election of remedies does not apply to coexistent and consistent rem-

edies. *Easton v. Somerville,* 111 Iowa 164; *Austin Mfg. Co. v. Decker,* 109 Iowa 277.

The question then is: Were the remedies which were open to the defendant-vendor to enforce his rights consistent and concurrent remedies, or were they inconsistent in character? There is no prescribed form for a conditional sale contract. The rights and liabilities of the parties thereto, as in any other kind of a contract, must be determined by the language used and the intention deducible from the terms employed in the contract. As said in *First Nat. Bank v. Marlowe,* 71 Mont. 461, 468 (230 Pac. 374):

"Since the parties were competent to contract, and did so freely, it is not the province of this court to act as guardian for the maker and say it shall not be bound to do what it agreed to do."

There is nothing in the instant contract that is contrary to law or to public policy, nor may it be said that the evidence disclosed any conduct on the part of the defendant indicating an intent to rescind the contract or waive any of his rights thereunder, unless the suit on the note for the balance of the purchase price constituted an election of remedies.

The recorded contract in controversy contemplates a species of double ownership: that is, the ownership of the vendee Edgar, subject to the claim for the unpaid purchase price, and the ownership of the vendor McDonald, as security for the purchase price.

The judgment on the note was an adjudication and a legal determination of the amount due on the contract, and it may be observed that the plaintiff in said action (defendant herein) did not aid his action by attachment nor by levy of execution after judgment. He did no act which may be viewed as a recognition of title or ownership in the purchaser of said automobile. He simply sought to enforce the contract as the parties made it. See *Kirch v. La Tourette,* 91 N. J. Law 35 (102 Atl. 873); *Larson v. Metcalf,* 201 Iowa 1208.

The right of the vendor to enforce by an action his claim to the balance of the purchase price, as evidenced by the promissory note, and his right to retain title to the automobile, are not inconsistent, as both possessions have their foundation in the agreement made. *Brewer v. Ford,* 54 Hun 116 (7 N. Y.

Supp. 244); affirmed on second appeal, 59 Hun 17 (12 N. Y. Supp. 619); affirmed without opinion, 126 N. Y. 643 (27 N. E. 852). A contrary view would, in effect, result in declaring part of the contract nugatory.

In *Vaughn v. Hopson*, 10 Bush (Ky.) 337, the court was "unable to perceive why the effort to coerce payment [of the purchase price by suit] should divest him [the vendor] of title," which, by the terms of the contract, was to remain in him until the purchase price was paid. It is said in the Commissioners' Note to Section 24 of the Uniform Conditional Sales Act (2 Greene's Uniform Laws, Annotated, 38):

"If an action for the price bars a later retaking of the goods, the seller will never dare to sue for the price and run the risk of getting a worthless judgment and losing his claim upon the goods. Just as an action for the chattel mortgage debt does not bar the foreclosure of the chattel mortgage at a later time, so an action for the purchase price under a conditional sale should not bar a later reliance on the reservation of the property in the goods as security."

In *Continental Guaranty Corp. v. Peoples Bus Line*, 31 Del. (W. W. Harr.) 595 (117 Atl. 275), it is held that, under the Conditional Sales Act, a seller who retakes the goods by replevin process does not thereby elect a remedy inconsistent with an action to recover the balance of the purchase price, where he complies generally with the provisions of the act as to voluntary resale and application of the proceeds thereof.

We deem it unnecessary to enter into an analysis of decisions of different jurisdictions involving conditional sale contracts under varying terms. See *Bankston v. Hill*, 134 Miss. 288 (37 A. L. R. 88, 94, with note). It is sufficient to state that the decisions are not in harmony. See cases cited in 2 Greene's Uniform Laws, Annotated, 36-37. Each decision, however, must be studied in the light of the facts and the provisions of the contract involved.

To illustrate: In *Avery v. Chapman*, 127 N. Y. Supp. 721, the seller sued for the purchase price, and levied upon the goods in question to collect his judgment, which clearly showed an intention to treat the property as that of the buyer. In *Crompton v. Beach*, 62 Conn. 25 (25 Atl. 446), the contract contained a stipulation that, upon the retaking of the goods, the purchase-

price notes should be canceled. In *Frisch v. Wells*, 200 Mass. 429 (86 N. E. 775), there was no stipulation for retaking, but simply that the title should not pass until the payments were all made.

In brief, a certain class of cases involves a sale contract which contains nothing more than retention of title by the seller and the right in him to retake possession upon default. In another class of cases, the contract provides for the retention of title with a right to retake possession, stipulating that the payments already made are to be regarded as rent for the reasonable use of the property. In another class, the contract of sale provides for the mere reservation of title, with no provision for retaking possession. And in another class, the facts disclose that the vendor aided his suit to recover the purchase price by a writ of attachment, which would clearly indicate that he regarded the property as in the buyer.

In 12 A. L. R. 503 this statement is found:

"The courts which have proceeded upon the theory that they [that is, the two remedies sought by the vendor] were inconsistent, have assumed that they were so without demonstrating how they were so."

In the case at bar, the contract expressly provides that the note shall not constitute payment, and there was no passing of title as a condition precedent to the right of the vendor to sue on the purchase-price note. The note was unpaid. It merged in the judgment which was unpaid when the instant plaintiff commenced his action, and the title to the automobile had not passed.

As heretofore stated herein, this court has not previously determined the proposition, but it has indicated the direction it would take in this matter. *Port Huron Mach. Co. v. Hurto*, 154 Iowa 435. In *Newcomer v. Novak*, 188 Iowa 646, it is pointed out that the vendor levied an execution upon the property "as the property of the buyer," which was "an abandonment of any other lien thereon." In *Richards v. Schreiber, Conchar & Westphal Co.*, 98 Iowa 422, it is said that some claim is made that the evidence does not disclose that the attachment suit was for the price of the property involved in the case. It was held that the evidence did not support the claim, and, inferentially at least, it was indicated that, had the evidence sustained the contention,

there would have been no election of remedies precluding the vendor's right to assert a lien. See, also, *Kearney Mill. & Elev. Co. v. Union Pac. R. Co.*, 97 Iowa 719; *In re Assignment of Wise*, 121 Iowa 359; *Gigray v. Mumper*, 141 Iowa 396.

It may be pointed out that the Uniform Conditional Sales Act (not yet adopted in Iowa) contains provisions which deal with the problem presented in the instant case, but we will not enter into a discussion of these provisions.

The plaintiff argues that there is nothing to prevent the defendant from using the property in question until it is exhausted, and that there is no way to compel the defendant to apply the proceeds of the sale of the property on this personal judgment. We see no legal value in these suggestions. The defendant-vendor is not in a position to exhaust, by use, the value of the automobile. It would be an act of conversion on his part if he did. The plaintiff would, by paying the judgment, be entitled to the possession of the property, and whenever and by whatever means the judgment debt is satisfied, the contract lien terminates.

The instant action in replevin is not well bottomed. The ruling of the trial court is—*Affirmed*.

EVANS, C. J., and ALBERT and MORLING, JJ., concur.